```
 1  KAREN P. HEWITT
    United States Attorney
 2  PAUL S. COOK
    Assistant U. S. Attorney
 3  California Bar No. 79010
    Federal Office Building
 4  880 Front Street, Room 6293
    San Diego, California 92101-8893
 5  Telephone: (619) 557-5687
    pcook@usdoj.gov
 6

 7  Attorneys for the United States of America

 8
                       UNITED STATES DISTRICT COURT
 9
                     SOUTHERN DISTRICT OF CALIFORNIA
10
    UNITED STATES OF AMERICA,      )   Criminal Case No.  07cr3056-WQH
11                                 )
                    Plaintiff,     )   DATE: DECEMBER 17, 2007
12                                 )   TIME: 2:00 p.m.
         v.                        )
13                                 )
    ELOISE BIERLY ADAME, (1)       )
14  STEVEN DANIEL BIERLY (2),      )   GOVERNMENT'S RESPONSE AND
                                   )   OPPOSITION TO DEFENDANT'S
15                                 )   MOTIONS:
                                   )
16               Defendants.       )   (1)  TO COMPEL DISCOVERY
                                   )   (2)  FOR LEAVE TO FILE FURTHER
17                                 )        MOTIONS
                                   )
18                                 )   TOGETHER WITH STATEMENT OF FACTS,
                                   )   MEMORANDUM OF POINTS AND
19                                 )   AUTHORITIES AND GOVERNMENT'S
                                   )   MOTIONS FOR RECIPROCAL DISCOVERY
20  _____)
```

21      The United States of America, by its counsel, Karen P. Hewitt,

22 United States Attorney, and Paul S. Cook, Assistant United States

23 Attorney, hereby responds to and opposes Defendant's Motions: To

24 Compel Discovery and For Leave To File Further Motions.  This response

25 and opposition is based upon the files and records of the case,

26 together with the attached statement of facts and memorandum of points

27 and authorities.  The Government also hereby files its motion for

28 reciprocal discovery.

**I**

**STATEMENT OF FACTS**

On Friday, October 10, 2007 at 9:41 p.m., the Defendant Eloise Bierly drove her Chevrolet Suburban into the United States from Mexico at the Calexico, California, East Port of Entry. Her husband, Defendant Steven Bierly, was a passenger in the car. Eloise Bierly told the Officer that they had been visiting family in Mexicali. The car was randomly selected for a secondary inspection, and was directed to the secondary lot. The Primary Officer noticed that the defendant drove extremely slowly toward the secondary lot. In Secondary, Eloise Bierly admitted that the car was hers, and again stated that they were returning home from visiting relatives in Mexicali. A narcotic detector dog alerted to the gas tank area of the Suburban, and both defendants were escorted to the office. Officers noticed signs of tampering with the gas tank, tapped it and detected that it was hard and rigid. The gas tank was removed, and officers discovered 36 packages of marijuana in vacuum sealed bags ,weighing approximately 61 kilograms inside the tank. Also seized from the defendants were $965.00 and several cell phones. Both defendants were advised of their Miranda rights, invoked, and the interviews were terminated.

**II**

**THE GOVERNMENT HAS AND WILL CONTINUE TO COMPLY WITH ITS DISCOVERY OBLIGATIONS**

The United States is aware of its discovery obligations, and will continue to comply with its obligations under Brady v. Maryland, 373 U.S. 83 (1963), the Jencks Act (18 U.S.C. §3500) and Rule 16 of the Federal Rules of Criminal Procedure. and will continue to comply with

all discovery rules.  The United States has provided Defendants with 109 pages of discovery and a CD of Defendants' interviews.  The discovery contains the arrest reports, Defendant's criminal record, description of evidence seized and photographs of the vehicle and drugs.  Regarding certain specific requests made by the Defendant, the United States responds as follows:

1.   <u>Rule 404(b) Evidence</u>

The Government will provide Defendants with notice of its intent to present evidence pursuant to Rule 404(b) three weeks before trial or as otherwise ordered by the Court.

2.   <u>Evidence Seized and Preservation</u>

The Government will preserve all evidence seized from the Defendant, who in turn may make an appointment, at a mutually convenient time, to inspect the evidence (copies of items seized from the defendants have been provided in discovery).  ICE has notified the United States Attorney's Office that it intends to destroy the seized drugs and may administratively forfeit the vehicle sixty days from October 10, 2007.  The Government has requested that the case agent preserve the car until the case is finally disposed of.  If Defendants want the entire amount of the seized marijuana preserved for re-testing or re-weighing, the Government would not oppose a Court Order to this effect, <u>if</u> Defendants seriously contest either the weight or that the substance seized is marijuana, otherwise there is no need to re-weigh or re-analyze.

3.   <u>Tangible Objects</u>

The Government will provide copies of or an opportunity to inspect all documents and tangible things material to the defense,

intended for use in the Government's case in chief, or seized from Defendant.

### 4. Expert Witnesses

The Government will notify Defendant of its expert witnesses, such as the DEA chemist and drug value expert, and will comply with Fed. R. Crim. P. 16(a)(1)(G).

### 5. List and Addresses of Witnesses

The Government has provided Defendant with the investigative reports relating to this crime. These reports include the names of the law enforcement personnel, eye witnesses and other people interviewed as part of the follow-up investigation. The Government will provide Defendant with a list of all witnesses which it intends to call in its case-in-chief at the time the Government's trial memorandum is filed, although delivery of such list is not required. See United States v. Dischner, 960 F.2d 870 (9th Cir. 1992); United States v. Culter, 806 F.2d 933, 936 (9th Cir. 1986); United States v. Mills, 810 F.2d 907, 910 (9th Cir. 1987). Defendant, however, is not entitled to the production of addresses or phone numbers of possible Government witnesses. See United States v. Hicks, 103 F.3d 837, 841 (9th Cir. 1996)("A district court that orders the Government and the defendant to exchange witness lists and summaries of anticipated witness testimony in advance of trial has exceeded its authority under Rule 16 of the Federal Rules of Criminal Procedure and has committed error."); United States v. Thompson, 493 F.2d 305, 309 (9th Cir.1977).

Federal Rule of Criminal Procedure 16 does not require the government (or the defense) to disclose the names and addresses of witnesses pretrial. Indeed, the Advisory Committee Notes reflect that

the Committee rejected a proposal that would have required the parties to exchange the names and addresses of their witnesses three days before trial:

> The House version of the bill provides that each party, the government and the defendant, may discover the names and addresses of the other party's witnesses 3 days before trial. The Senate version of the bill eliminates these provisions, thereby making the names and addresses of a party's witnesses nondiscoverable. The Senate version also makes a conforming change in Rule 16(d)(1). The Conference adopts the Senate version.
>
> <u>A majority of the Conferees believe it is not in the interest of the effective administration of criminal justice to require that the government or the defendant be forced to reveal the names and addresses of its witnesses before trial.</u> Discouragement of witnesses and improper contact directed at influencing their testimony, were deemed paramount concerns in the formulation of this policy.

<u>United States v. Napue</u>, 834 F.2d 1311, 1317-19 (7th Cir. 1987) (quoting Rule 16 advisory committee notes) (emphasis added).

The Government will not provide Defendants with names and addresses of witnesses it does not intend to call.

6.  <u>Informant Information</u>

The Government will comply with this request to the extent that any informants or cooperating witnesses are percipient witnesses, have given <u>Brady</u> material to Government agents or are called by the Government to testify. The Government, at this time, is unaware of an informants in this case.

**III**

<u>LEAVE TO FILE FURTHER MOTIONS</u>

The Government has no objection to this motion.

**IV**

THE GOVERNMENT'S MOTION FOR RECIPROCAL
DISCOVERY SHOULD BE GRANTED

The discovery provided to Defendants, at their request, includes documents and objects which are discoverable under Rule 16(a)(1)(E). Consequently, the Government is entitled to discover from the defendant any books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items that are in Defendant's possession, custody or control and which Defendant intends to use in the Defendant's case-in-chief. See Rule 16(b)(1)(A), Fed. R. Crim. P..

Fed. R. Crim. P. 26.2 requires the production of prior statements of all witnesses, except Defendants'. The new rule thus provides for the reciprocal production of Jencks statements. The time frame established by the rule requires the statement to be provided after the witness has testified, as in the Jencks Act. Therefore, the United States hereby requests that Defendants be ordered to supply all prior statements of defense witnesses by a reasonable date before trial to be set by the Court. This order should include any form these statements are memorialized in, including but not limited to, tape recordings, handwritten or typed notes or reports.

**V**

**CONCLUSION**

For the above stated reasons, the Government respectfully requests that the Defendant's motions be denied, except where unopposed, and the Government's motion for reciprocal discovery be granted.

Date: December 10, 2007.

                                    Respectfully submitted,

                                    KAREN P. HEWITT
                                    United States Attorney

                                    s/Paul S. Cook
                                    PAUL S. COOK
                                    Assistant United States Attorney

```
                    UNITED STATES DISTRICT COURT

                   SOUTHERN DISTRICT OF CALIFORNIA
```

UNITED STATES OF AMERICA,     )    Case No. 07CR3056-WQH
                              )
           Plaintiff,         )
                              )
      v.                      )
                              )    CERTIFICATE OF SERVICE
ELOISE BIERLY (1),            )
STEVEN DANIEL BIERLY (2),     )
           Defendants.        )
_____)

IT IS HEREBY CERTIFIED THAT:

I, Paul S. Cook, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of Government's Response and Opposition to Defendant's Motions on the following party by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

  1.   FREDERICK M. CARROLL

  2.   JASON SER

I declare under penalty of perjury that the foregoing is true and correct.

Executed on December 10, 2007.

                              s/Paul S. Cook
                              PAUL S. COOK